UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WALLACE S. PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-106 |
| ) | (Jordan/Shirley) |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 36] of the Honorable Leon Jordan, United States District Judge, for disposition of the Plaintiff's Motion to Compel Defendant to Fully Respond to Document Requests and Interrogatories [Doc. 34].

This is a civil action brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"). The plaintiff was employed as a switchman at the defendant's rail yard when he claims he was injured while coupling an air hose on a train. The plaintiff alleges that he tore a rotator cuff, requiring surgery and disabling him from his work with the railroad. [Complaint at ¶¶ 6-7]. The plaintiff alleges that his injuries were caused by a defect in the air hose and the defendant's requirement that the plaintiff couple an excessive number of air hoses each shift. [Id. at ¶¶ 8-10]. The plaintiff also asserts that the defendant failed to adequately instruct, warn, and use reasonable care to adequately supervise, instruct, inspect, and test the manner and conditions under which its employees should couple air hoses. [Id. at ¶ 9].

The plaintiff moves to compel full and complete responses to certain document requests and interrogatories and seeks an award of attorney's fees and costs incurred in filing this motion. The subject responses generally fall into three categories: (1) responses that assert that the requested information is not relevant or not reasonably calculated to lead to the discovery of admissible evidence; (2) a response that is incomplete; and (3) responses in which the defendant withholds responsive documents based on assertions of the work product privilege. The Court will address each of these categories of responses in turn.

**I.     Objections to Relevance**

The plaintiff argues that the Court should compel full responses to document request no. 43, which seeks "all testing results, studies or reports . . . relating to the repeated coupling of air hoses by railroad employees" and request no. 44, which seeks "any internal memoranda, notice, safety rule, or communication of any kind concerning biomechanical hazards or other possible hazards posed by workers repeatedly coupling air hoses." [Doc. 35]. To both requests, the defendant objected, citing Rules 401 and 402 of the Federal Rules of Evidence and further asserting that neither request was calculated to lead to the discovery of admissible evidence. In its response to the plaintiff's motion to compel, the defendant asserts that it should not be required to respond to these requests because they relate to the handling of air hoses, and "the singular issue in this case is whether the air hose . . . was defective." [Doc. 38].

The Court disagrees with the defendant's characterization of the plaintiff's claims. In his complaint, the plaintiff specifically alleges that his injuries were a result "of a defect or insufficiency due to the negligence of the Defendant in its . . . work assignments and methods." [Complaint at ¶ 8]. The plaintiff goes on to allege negligent supervision and instruction regarding

2

the manner and conditions of the plaintiff's work; that the defendant "knew or should have known of the hazards and dangerous propensities of requiring employees to couple an excessive and unsafe number of air hoses each shift"; and that these conditions led to the plaintiff's injuries. [Complaint at ¶¶ 8-10]. Clearly, work requirements and conditions, including the alleged repeated handling of air hoses are at issue in this case, in addition to issues regarding alleged defects of the hose itself. The defendant shall therefore be required to fully respond to these requests for documents within ten (10) days of the entry of this Order.

## II. Incomplete Response

Interrogatory no. 2 asks the defendant to "identify each warning ever made by you to your employees relating the dangers, hazards or risks of injury while coupling air hoses." In its response, the defendant refers to its "Safety Rules, Operating Rules and Safe Work Practices and various videotapes and information provided to the Plaintiff and other Transportation and Mechanical Department employees with regard to handling air hoses." The plaintiff argues that the defendant's response is insufficient because it does not specifically identify the relevant rules, practices or videotapes, and further, because no such videotape was ever produced to the plaintiff. [Doc. 35]. The defendant responds that the information sought by this interrogatory "is equally available to the Plaintiff as it would be to the Defendant." [Doc. 38].

The fact that requested information may be "equally available" to the other party is an inadequate response and insufficient to satisfy the defendant's duty to respond. Unless and until the defendant specifically identifies the information or documents requested, neither the plaintiff nor this Court can determine precisely what information or documents the defendant relies upon as responsive to this interrogatory. The defendant is **ORDERED** to fully respond to this interrogatory,

3

including producing the referenced documents and/or by identifying them by Bates stamp number (if they have already been produced in this litigation), or by other appropriate identification methods, within ten (10) days of the entry of this Order.

### III. Assertions of Work Product Privilege

The plaintiff objects to the defendant's assertion of the work product privilege in response to document requests nos. 4, 8, 11, 15, 26, and 31. Specifically, the plaintiff complains that the defendant failed to provide any information supporting its conclusory allegations of work product privilege, including even whether there are any documents that are actually being withheld. [Doc. 35]. The defendant responds that it has provided sufficient information to allow plaintiff's counsel and the Court to assess the applicability of the work product privilege. [Doc. 38]. The Court does not agree with the defendant's contention that it has provided sufficient information.

The work product doctrine is a qualified privilege that protects from discovery documents and other tangible things which were prepared by a party or his representative in anticipation of litigation. In re Perrigo Co., 128 F.3d 430, 437 (6th Cir. 1997). While the doctrine provides absolute protection for an attorney's mental impressions and opinions, other materials may be ordered to be produced based upon a showing of substantial need and an inability to obtain the same without undue hardship. Id. To assist the requesting party and the Court in determining what may or may not be covered by the privilege, Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that the party asserting the privilege produce what is commonly referred to as a "privilege log":

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, **the party shall make the claim expressly and shall describe the nature of the documents, communications,**

4

> **or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection**.

Fed. R. Civ. P. 26(b)(5) (emphasis added).

In the present case, the defendant simply asserted the work product privilege but failed to describe the nature of the documents or things withheld. Such a response is clearly insufficient. The Court is unable to determine from the defendant's responses whether the work product privilege is in fact applicable. The defendant shall therefore supplement each response where the privilege is asserted by stating whether or not it has documents or things in its possession that are responsive to the plaintiff's requests, and if a document or thing is being withheld on the basis of work product, the defendant shall produce a privilege log which sufficiently describes the nature of the document or thing so that the plaintiff may assess the applicability of the privilege. See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) (privilege log must contain "sufficient information to allow the court to rule intelligently on the privilege claim"). In the case of witness statements, such description shall include the name of the person interviewed, the person taking the statement, the date, and the general subject matter of the statement. The defendant shall produce these supplemental responses and the privilege log to the plaintiff within ten (10) days of the entry of this Order. Thereafter, the plaintiff shall have leave to file, within ten (10) days, a motion challenging the defendant's assertion of work product privilege or seeking the production of work product documents on the basis of substantial need and undue hardship. See Fed. R. Civ. P. 26(b)(3). For the reasons set forth in this opinion, the plaintiff's Motion to Compel Defendant to Fully Respond to Document Requests and Interrogatories [Doc. 34] is **GRANTED**. The plaintiff's request for an award of attorney's fees and costs is **DENIED** at this time. However,

the defendant is hereby put on notice that failure to cooperate in discovery may result in monetary sanctions in the future.  See Fed. R. Civ. P. 37(a)(4)(A).

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge